**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**SHUJAUDDIN HAKIMI, # A 221-192-010**                                    **PETITIONER**

**VERSUS**                                    **CIVIL ACTION NO. 5:26cv109-DCB-BWR**

**WARDEN**                                    **RESPONDENT**

<u>**ORDER DENYING COUNSEL**</u>

BEFORE THE COURT is *pro se* Petitioner Shujauddin Hakimi's Request for

Appointment of Counsel [2].   Hakimi is an alien detainee in the custody of the Department of

Homeland Security, and he brings this action for a writ of habeas corpus, pursuant to 28 U.S.C. §

2241.   He asks for appointed counsel in this case.   The Court has considered Petitioner's

submission and the relevant legal authority.   The motion is denied at this time.

"No constitutional right to counsel exists in habeas corpus actions."   *Wardlaw v. Cain*,

541 F.3d 275, 279 (5th Cir. 2008).   The Criminal Justice Act, however, provides, "Whenever

the United States magistrate or the court determines that the interests of justice so require,

representation may be provided for any financially eligible person who . . . is seeking relief

under section 2241 . . . of title 28."   18 U.S.C. § 3006A(a)(2)(B).   Whether to appoint counsel

to represent a petitioner in a habeas proceeding is committed to the court's discretion.   *United

States v. Nichols*, 30 F.3d 35, 36 (5th Cir. 1994) (28 U.S.C. § 2255 proceeding).   Where no

evidentiary hearing is necessary, and the petitioner does not show that the interests of justice

require counsel, the court does not err in denying counsel.   *Id.*   If the issues are not complex,

and the petitioner adequately presents the issues and facts, then the interests of justice do not

require appointment of counsel.   *Schwander v. Blackburn*, 750 F.2d 494, 502 (5th Cir. 1985).

Hakimi does not provide reasons justifying an appointment.   The issues are not complex, and he has adequately articulated the issues and facts of this case.   There is yet no indication that the interests of justice require counsel in this case.   Therefore, the motion to appoint counsel is denied without prejudice.

**IT IS, THEREFORE, ORDERED** that, for the reasons stated above, *pro se* Petitioner Shujauddin Hakimi's Request for Appointment of Counsel [2] is **DENIED**.

**SO ORDERED**, this the 1st day of April, 2026.

*s/* *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE

2